IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| VIRGINIA Y. EBANKS, individually, and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>CREDIT FIRST NATIONAL ASSOCIATION,<br><br>   Defendant. | Case No.   1:20-cv-00834 |

## CLASS ACTION COMPLAINT

**NOW COMES** VIRGINIA Y. EBANKS, individually, and on behalf of all others similarly situated, through her undersigned counsel, complaining of CREDIT FIRST NATIONAL ASSOCIATION, as follows:

## NATURE OF THE ACTION

1. This is an action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

1

## PARTIES

5. VIRGINIA Y. EBANKS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Port St. Lucie, Florida.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8. CREDIT FIRST NATIONAL ASSOCIATION ("Defendant") is a national banking institution headquartered in Cleveland, Ohio.

9. Defendant provides consumer credit cards for automotive dealerships and retailers nationwide.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5238.

13. At all times relevant, Plaintiff's number ending in 5238 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Plaintiff applied for and was issued a credit card by Defendant.

16. Plaintiff used the credit card to make various non-commercial purchases.

17. Due to an unanticipated loss of employment, Plaintiff fell behind on her monthly payments to Defendant and Plaintiff's account fell into default status ("subject debt").

18. The subject debt is a "debt" as defined by Fla. Stat. § 559.55(6).

19. The subject debt is a "consumer debt" as defined by Fla. Stat. § 559.55(6).

20. In December 2019, Plaintiff started to receive collection calls from Defendant.

21. On multiple occasions, Plaintiff answered Defendant's collection calls and requested that Defendant cease its collection calls as she was not in a financial position to make payments on the subject debt.

22. In each answered call, Plaintiff experienced a conspicuous lengthy pause prior to being connected to a representative of Defendant.

23. Despite Plaintiff's requests that the calls cease, Defendant continued its barrage of collection calls, including calls from the phone number (800) 321-1150.

24. In some of the calls that went unanswered, Defendant left voicemails on Plaintiff's cellular phone utilizing an artificial and/or a pre-recorded voice requesting a call back from Plaintiff.

25. It total, Defendant placed dozens of phone calls that resulted in Defendant leaving pre-recorded voicemails on to Plaintiff's cellular phone.

26. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

27. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and

functionality of her cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

28. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

29. Concerned with Defendant's abusive collection practices, Plaintiff retained counsel to compel Defendant to cease its collection calls.

## CLASS ALLEGATIONS

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated (the "Putative Classes") defined as follows:

### Pre-Recorded Class

All persons in the United States (1) to whom Defendant placed, or caused to be placed, a call relating to a Credit First account or debt; (2) to their cellular telephone number; (3) using an artificial or prerecorded voice; (4) within the four years preceding the date of this complaint through the date of class certification; (5) without their prior express consent.

### Cease Call Class

All persons in the United States (1) to whom Defendant placed, or caused to be placed, a call relating to a Credit First account or debt; (2) to their cellular telephone number; (3) using an automatic telephone dialing system; (4) within four years preceding the date of this compliant through the date of class certification; (5) on a date after Credit First's records reflect a request not to call their number or that their number is a wrong number.

4

32. The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A. Numerosity**

33. Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

34. The exact number of the members of the Putative Classes is unknown to Plaintiff at this time and will be determined through appropriate discovery.

35. The members of the Putative Classes are ascertainable because the classes are defined by reference to objective criteria.

36. The members of the Putative Classes are identifiable in that their names, addresses and telephone numbers can be identified in business records maintained by Defendant.

**B. Commonality and Predominance**

39. There are many questions of law and fact common to the claims of Plaintiff and members of the Putative Classes.

40. Those questions predominate over any questions that may affect individual members of the Putative Classes.

**C. Typicality**

41. Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes were harmed by Defendant's conduct and thus are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability**

42. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

43. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

44. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

45. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

46. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

47. Plaintiff has no interests antagonistic to those of the Putative Classes and Defendant has no defenses unique to Plaintiff.

48. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and members of the Putative Classes)**

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. Defendant placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

51. As pled above, Defendant utilized an artificial or pre-recorded voice to leave voicemails on Plaintiff's cellular phone on dozens of occasions.

52. Defendant placed or caused to be placed dozens of non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

53. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

54. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered and the pre-recorded voicemails left by Defendant, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

55. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

56. As pled above, Plaintiff revoked consent to be called on her cellular phone on multiple occasions during phone calls that she answered.

57. As pled above, Plaintiff was harmed by Defendant's collection calls to her cellular phone.

58. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

59. Upon information and belief, Defendant has no policies and procedures in place to honor the requests of consumers that the collection calls cease.

60. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

61. As a result of Defendant's violations of the TCPA, Plaintiff and the members of the Putative Classes are entitled to receive $500.00 in damages for each such violation.

62. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff and the members of the Putative Classes are entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Classes, requests the following relief:

  A. an order granting certification of the Putative Classes, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.    an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C.    an order enjoining Defendant from placing or causing to place further violating calls to consumers;

D.    an award of $500.00 in damages to Plaintiff and the members of the Putative Classes for each such violation;

E.    an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Classes for each such violation;

F.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

G.    an award of such other relief as this Court deems just and proper.

## COUNT II:
### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)
### (on behalf of Plaintiff)

63. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Fla. Stat. § 559.72

64.    Subsection 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

    (7)    Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

65.    Defendant violated § 559.72(7) of the FCCPA by continuously placing collection calls to Plaintiff after Plaintiff requested that the calls cease.

9

66. Defendant's conduct of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

67. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

68. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to harass and abuse Plaintiff.

69. As pled above, Plaintiff was harmed by Defendant's harassing and abusive collection practices.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated § 559.72(7) of the FCCPA;

B. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: April 17, 2020                                      Respectfully submitted,

**VIRIGINIA Y. EBANKS**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Joseph S. Davidson, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com